IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| SATHEESH MARIMUTHU *et al.* | § | |
| | § | |
| v. | § | 1:13-CV-499 |
| | § | |
| SIGNAL INTERNATIONAL L.L.C. *et al* | § | |

## REPORT AND RECOMMENDATION DENYING DEFENDANT SIGNAL'S MOTION TO DISMISS (DOC. NO. 24)

This case is assigned to the Honorable Marcia Crone, United States District Judge, and is referred to the undersigned United States magistrate judge to conduct all pretrial proceedings. (Doc. No. 4.) Before the undersigned magistrate judge is the "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)"[1] (Doc. No. 24) filed by Defendants Signal International, L.L.C., Signal International, Inc., Signal International Texas, G.P., and Signal International Texas, L.P. (hereinafter collectively referred to as "Signal"). Because the Plaintiffs have pleaded enough factual content to draw the reasonable inference that the alleged pendent state law claims occurred in Texas, Signal's Motion to Dismiss (Doc. No. 24) should be denied.

### I. Background

*A. Procedural Background*

On March 7, 2008, twelve individuals who were allegedly trafficked into the United States filed a putative class action against the Defendants in the Eastern District of Louisiana asserting trafficking, RICO, civil rights, and state law contract and fraud claims. See David v.

---

[1]. As the Plaintiffs correctly point out, Signal's motion exceeds the page limitations set forth in the Local Rules. See Local Rule CR-47(1). The undersigned has already admonished the litigants to strictly adhere to the page limitations as it concerns appeals and objections to magistrate judge orders. That same warning now applies to all briefs and pleadings filed by the parties and will be strictly enforced going forward.

1

Signal Int'l, LLC, Civ. A. No. 08-1220 (E.D. La.). That Court denied class certification;[2] and, as a result of this ruling, the Plaintiffs in the instant action filed suit in this District, where they were allegedly subjected to deplorable working conditions at a Signal facility in Orange, Texas. (Doc. No. 1.) On August 7, 2013, the Plaintiffs filed their complaint in this court against the Signal Defendants, Malvern C. Burnett, Gulf Coast Immigration Law Center, L.L.C., Law Offices of Malvern C. Burnett, A.P.C., Global Resources, Inc., Sachin Dewan and Dewan Consultants Pvt. Ltd. (Id.)

*B. Factual Background*

In the aftermath of Hurricane Katrina, approximately 590 men, including the Plaintiffs, were allegedly trafficked into the United States through the federal government's H-2B guest worker program to provide labor and services to the Signal Defendants. (Doc. No. 1, p. 1.) The Plaintiffs claim they were lured to work for Signal through the fraudulent promise of legal and permanent work-based immigration to the United States for themselves and their families. (Id., p. 4.) Subsequently, after coming to the United States, the Plaintiffs were allegedly subjected to forced labor and other serious abuses at Signal operations in Orange, Texas. (Id, p. 5.)

## II. Jurisdiction

The Plaintiffs seek recovery pursuant to several federal statutes. For actions brought under these statutory provisions, the court has subject-matter jurisdiction predicated upon federal question jurisdiction. See 28 U.S.C. § 1331; 29 U.S.C. § 216(b). For the state law causes of action, the court has subject-matter jurisdiction predicated upon supplemental jurisdiction. See 28 U.S.C. § 1367(a). Venue is proper because the events giving rise to the above claims occurred within the confines of this District. See 28 U.S.C. § 1391.

---

2. David v. Signal Int'l, LLC, Civ. A. No. 08-1220, 2012 U.S. Dist. LEXIS 114247, at *129 (E.D. La. Jan. 3, 2012).

### III. Rule 12(b)(6) Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes dismissal of a complaint that fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted." Harrington v. State Farm Fire & Cas. Co., 563 F.3d 141, 147 (5th Cir. 2009). When a court analyzes a Rule 12(b)(6) motion, it "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" In re Katrina Beaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004)). A court should grant such a motion only when the complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

### IV. Analysis

Signal moves to dismiss the Plaintiffs' 42 U.S.C. §§ 1981, 1985 claims and pendent state law claims of fraud, negligent misrepresentation, and breach of contract. (Doc. No. 24.) Signal first contends that the complaint should be dismissed because the Plaintiffs failed to meaningfully engage in a choice-of-law analysis in the complaint in order to determine which state or country's law applies. (Id., p. 9.) Furthermore, Signal argues that the court should find that the state law claims are implausible "because it is not likely the Texas Supreme Court would apply state law to transactions that occurred abroad." (Id., p. 3) Finally, Signal argues "to the degree that the Complaint refers to facts that occurred abroad" as to the Plaintiffs' § 1981 and §

3

1985 claims, that portion of the complaint should be dismissed. (Id., p. 1.)

The Plaintiffs respond that a choice of law analysis is not required in their complaint, they have provided adequate facts that their state law claims occurred in Texas, and Texas law applies to their claims. (Doc. No. 28.) Specifically, the Plaintiffs argue the complaint makes clear that the tortious actions originated, were performed, and continued to occur in Texas, specifically at the Texas Labor Camp located in Orange, Texas. (Id.) The Plaintiffs allege that while recruiters working on Signal's behalf initially lured and defrauded the Plaintiffs abroad, Signal ratified the recruiters' actions by continuing to defraud the Plaintiffs upon their arrival in Texas. (Id., p. 6.) Finally, they argue that their § 1981 and § 1985 claims should not be dismissed because they have alleged their rights under these statutes were violated in Texas. (Id., p. 7.)

1. Choice of Law Analysis

First, Signal argues the complaint is defective because it does not adequately address any choice of law analysis that would convince the court that Texas state law applies to the pendent state law claims. (Doc. No. 14.) A court has discretion to exercise jurisdiction over state-law claims when federal question jurisdiction is proper and the state-law claims derive from a common nucleus of operative facts. Arena v. Graybar Elec. Co., Inc., 669 F.3d 214, 221 (5th Cir. 2012); 28 U.S.C. § 1367. Federal courts apply the forum state's conflict-of-law rules to determine what law governs the state-law claims. Bailey v. Shell Western E&P, Inc., 609 F.3d 710, 722 (5th Cir. 2010), citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). Texas courts first determine whether there is a conflict between Texas law and another potentially applicable law. Id. (citation omitted.) If there is no such conflict, a choice-of-law analysis is unnecessary. Id. (citing SAVA gumarska in kemijska industria d.d. v. Advanced

Polymer Sciences, Inc., 128 S.W.3d 304, 314 (Tex. App.—Dallas 2004, no pet.)). But, where there is a conflict of laws, Texas follows the "most significant relationship" test of the Restatement (Second) of Conflict of Laws. Id. (citing Minn. Mining & Mfg. Co. v. Nishika Ltd., 953 S.W.2d 733, 735 (Tex. 1997)).

Signal does not dispute the court has proper federal question jurisdiction over the pendent state-law claims. Signal argues the Plaintiffs "bear the risk of punishment for not" engaging in a choice of law analysis in their Complaint. (Doc. No. 24, p. 14.) Signal does not cite, and the undersigned cannot find, any binding Fifth Circuit authority for a 12(b)(6) dismissal because the complaint fails to *plead* the particular state's law at issue for the pendent state law claims. Although Signal argues, in passing and without citation, that the Indian Contracts Act disallows the enforcement of a contract if it violates the public policy of India, Signal has not sufficiently demonstrated how this conflicts with Texas law. Even if a choice-of-law analysis were required, there is no authority for dismissing a complaint under 12(b)(6) for failing to analyze *in the complaint* which state law controls under the "most significant relationship" test promulgated in the Restatement (Second) of Conflict of Laws. Signal also fails to persuasively argue under the "most significant relationship test" that Indian law would apply. In any event, Signal's choice-of-law argument is meaningless. As discussed below, the Plaintiffs have pled sufficient facts to draw the reasonable inference that Signal's alleged misconduct occurred in Texas, thereby invoking Texas law to govern the state causes of action.

2. State Law Claims that are "Extraterritorial in Nature"

Signal also argues that because each pendent state law claim is predicated on a recruitment process that occurred on the Arabian peninsula or India, the Texas Supreme Court

5

would hold the indigenous laws of these countries would apply to the state law claims.[3] (Doc. No. 24, pp. 10-11.) The complaint is replete with allegations that Signal's tortious actions occurred in Texas. The following is a summary of the Plaintiffs' complaint (Doc. No. 1):

> The Plaintiffs were recruited by Signal and its recruiters, both in the United States and abroad, to work at Signal's Texas Labor Camp. Because Signal's need for workers was immediate, they represented to the Plaintiffs that they would first acquire temporary work visas (H-2B) because the visas could be obtained faster than green cards, but that the Defendants would also apply for green cards on the Plaintiffs' behalf. The Plaintiffs accepted Signal's offer, paid their fees, and were transported to the Texas Labor Camp in the United States to perform work for Signal. *Once at the Texas Labor Camp*, Signal ratified the actions of the recruiters, breached its obligations, and defrauded the Plaintiffs regarding their immigration status.
> *In the Texas Labor Camp*, throughout the spring and summer of 2007, Signal representatives held meetings with the Plaintiffs and other workers to discuss the status of the Plaintiffs and other Indian workers' visas. Through its agents, Signal continued to represent that it would arrange for H-2B visa extensions. At no point during these meetings were the Plaintiffs informed that they would not be receiving green cards. Signal was, in fact, evaluating the workers, including the Plaintiffs, and had no intention of applying for visa extensions for all of the workers or applying for green cards for any of the workers. Despite many promises to do so, the Defendants never provided the green cards or permanent residency. In fact, no Defendant ever even applied for a green card for any Plaintiff. And, despite contractual provisions that clearly require them to do so, the Defendants have failed to refund any of the money the Plaintiffs paid to them for green card and visa processing.

When deciding a 12(b)(6) motion to dismiss, the court must consider these facts as true. In re Katrina Beaches Litig., 495 F.3d at 205. From these allegations, the Plaintiffs have clearly pleaded enough factual content to draw the reasonable inference that the alleged pendent state law claims of fraud, negligent misrepresentation, and breach of contract occurred in Texas. Iqbal, 556 U.S. 662 at 678. Even though the complaint alleges Signal's actions and the

---

3. Signal's assertion that the entire complaint contains allegations of activity that only occurred abroad is incorrect.

Plaintiffs' injuries occurred in Texas *and* India, Signal has not cited to any persuasive authority that this subjects the Plaintiffs' entire complaint to a 12(b)(6) dismissal.[4] In fact, district courts have the power to exercise supplemental jurisdiction over foreign law claims that form part of the same case or controversy. In re BP p.l.c. Sec. Litig., 843 F. Supp. 2d 712, 799 (S.D. Tex. 2012) (citing 28 U.S.C. § 1367(c)).

    3. *Pro Tanto* Dismissal

Finally, Signal moves to dismiss the complaint *pro tanto* to the degree the complaint refers to facts that occurred abroad with regard to the Plaintiffs' claims under §§ 1981 and 1985. Signal begins with the premise that §§ 1981 and 1985 claims are not extraterritorial. Signal asks the court to compare the complaint in this suit with 1) the first amended complaint[5] in *David et al. v. Signal, Int'l, L.L.C. et. al.* and 2) one sentence in the *David* court's order[6] denying class certification concerning what damages are attributable to the *David* plaintiffs' discrimination claims. Signal argues this comparison shows that at least part of the Plaintiffs' §§ 1981 and 1985 claims in this case occurred abroad.

In considering a Rule 12(b)(6) motion, a court typically does not look beyond the complaint. However, a court may consider attachments to briefing if the documents are referenced in the complaint, central to the complaint, referenced by the parties, and their

---

4. Signal appears to argue that this court should dismiss the instant case because of the "foreign nature" of the claims. However, none of the cases cited by Signal are applicable to the instant case in which Signal allegedly committed torts within Texas that caused the Plaintiffs injuries within Texas. See e.g. Boureslan v. Aramco, Arabian Am. Oil Co., 892 F.2d 1271 (5th Cir. 1990) (An American citizen brought a Title VII suit, alleging that while he was *working in Saudi Arabia*, the American corporation which employed him discriminated against him because of his race, religion and national origin.); Coca-Cola Co. v. Harmar Bottling Co., 218 S.W.3d 671, 680-81 (Tex. 2006) ("It is an especially sensitive matter for a jurisdiction to extend its laws governing economic competition *beyond its borders*."); E.E.O.C. v. Arabian Am. Oil Co., 499 U.S. 244 (1991) (An American citizen brought a Title VII action against a United States employer, alleging that *while he was working abroad*, the employer discriminated against him because of his race, religion, and national origin.).

5. David v. Signal Int'l, L.L.C., Civ. A. No. 08-1220 (E.D. La. April 29, 2008) (Doc. No. 47).

6. David et al. v. Signal, Int'l, L.L.C. et. al., Civ. A. No. 08-1220, 2012 U.S. Dist. LEXIS 114247 (E.D. La. Jan. 3, 2012).

7

authenticity is not in dispute. See Walch v. Adjutant Gen. Dep't, 533 F.3d 289, 293–94 (5th Cir. 2008) (citing In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007)); Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004). The *David* litigation is not mentioned in the complaint; and therefore, the *David* first amended complaint and the *David* court's order denying class certification are not central to the Plaintiffs' complaint in this case. Furthermore, Signal failed to include the documents in its briefing to this court. Obviously, without being able to consider the *David* court documents, Signal's motion should not be granted on this basis.

## V. Recommendation

For the reasons stated above, Signal's "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. No. 24) should be denied.

## VI. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c) (Supp. IV 2011), each party to this action has the right to file objections to this report and recommendation. Objections to this report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report. See 28 U.S.C. § 636(b)(1)(c); Fed R. Civ. P. 72(b)(2). A party who objects to this report is entitled to a de novo determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. See 28 U.S.C. § 636(b)(1)(c); Fed R. Civ. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States

8

District Judge of the findings of fact and conclusions of law, see Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, see Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

    SIGNED this 30th day of July, 2014.

                                                               Zack Hawthorn
                                                           United States Magistrate Judge