**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| SATHEESH KANNAN MARIMUTHU, BALAMURUGAN MARIMUTHU, MURUGANANDAM ARUMUGAM, MURALIDHARAN ARUMUGAM, SATYANARAYANA ELLAPU, MOORTHY NADHAMUNI, RAJENDRAN SAPPANI, RAJENDRAN SUBRAMANI, VENKATA SATYA SIVAGI RAO TALABATHULLA, and SAMMANASUNATHAN SILUVAIMUTHU,<br><br>       Plaintiffs,<br><br>v.<br><br>SIGNAL INTERNATIONAL LLC, SIGNAL INTERNATIONAL, INC., SIGNAL INTERNATIONAL TEXAS, G.P., SIGNAL INTERNATIONAL TEXAS, L.P., MALVERN C. BURNETT, GULF COAST IMMIGRATION LAW CENTER, L.L.C., LAW OFFICES OF MALVERN C. BURNETT, A.P.C., GLOBAL RESOURCES, INC., SACHIN DEWAN, and DEWAN CONSULTANTS PVT. LTD. (a/k/a MEDTECH CONSULTANTS).<br><br>       Defendants. | Civ. No. 1:13-cv-00499-MAC-ZJH |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO BURNETT AND SIGNAL
DEFENDANTS' MOTIONS FOR RECONSIDERATION OF AND OBJECTIONS TO
ORDER DENYING MOTION TO TRANSFER [ECF NO. 58]**

# INTRODUCTION

On July 16, 2014, Magistrate Judge Hawthorn issued an Order Denying Burnett and Signal Defendants' Motion to Transfer ("Order"). (ECF No. 58.) Both sets of Defendants seek reconsideration of the Order,[1] rehashing the same objections that were previously rejected by Judge Crone in *Samuel v. Signal International L.L.C.* (No. 1:13-cv-323, ECF No. 63) and Judge Clark in *Joseph v. Signal International, L.L.C.* (No. 1:13-cv-324, ECF No. 97). Indeed, Signal Defendants acknowledge as much, and essentially admit that they expect their motion to be denied again—underscoring just how unnecessary the motion is. (ECF No. 59 at 2.) As this Court found previously, Magistrate Judge Hawthorn's Order correctly refuses to apply the first-to-file rule. Defendants' stale objections fail to demonstrate the Order is clearly erroneous or contrary to law. Accordingly, Defendants motions for reconsideration should be denied.

# LEGAL ARGUMENT

## I. DEFENDANTS FAIL TO APPLY THE CORRECT LEGAL STANDARD.

In their motions, neither set of Defendants applies the correct legal standard—Signal Defendants reference a *de novo* standard of review, and Burnett Defendants fail to reference any standard of review. As the relevant rules, case law, and prior decisions of this Court make clear, a district court may only modify or set aside a magistrate judge's order on a non-dispositive motion, like a motion to transfer, if the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also, e.g.*, *ColorQuick, L.L.C. v. Vistaprint Ltd.*, No. 6:09-cv-323, 2010 U.S. Dist. LEXIS 136226, at *8-9 (E.D. Tex. July 22, 2010); Case No. 1:13-CV-00323, ECF No. 63.

---

[1] Burnett Defendants do not specify the procedural method of their motion, stating only that they "appeal the Magistrate Judge's Denial of its Motion to Transfer, or alternatively, to the extent said Order was a Report and Recommendation, Burnett objects to the determination . . . ." (ECF No. 57 at 1.) Accordingly, Plaintiffs treat Burnett Defendants' motion as one for reconsideration under Fed. R. Civ. P. 72.

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Black v. SettlePou, P.C.*, 732 F.3d 492, 496 (5th Cir. 2013). The party seeking transfer bears the burden of proving that an order denying transfer is clearly erroneous or contrary to law. *See Sanofi-Aventis Deutschland GmbH v. Novo Nordisk, Inc.*, 614 F. Supp. 2d 772, 777 n.5 (E.D. Tex. 2009). As discussed below, Defendants fail to establish that the Order is clearly erroneous or contrary to law.

## II. BURNETT DEFENDANTS FAIL TO DEMONSTRATE THE ORDER IS CLEARLY ERRONEOUS OR CONTRARY TO LAW.

In support of their motion, Burnett Defendants make three primary arguments: (1) the matter should be transferred because Burnett has disputed that the Court has personal jurisdiction over him, (2) there is substantial overlap between this matter and the *David* case such that the first-to-file rule should apply, and (3) this matter should be transferred for the convenience of the parties. All three arguments fail.

First, Burnett Defendants argue that this Court does not have personal jurisdiction over Burnett, and so "it would be better for all parties to have this matter adjudicated in a district which clearly has personal jurisdiction over him and other defendants, than it would be to [adjudicate] in a district [which] is later determined on appeal lacked personal jurisdiction." (ECF No. 57 at 2.) But, as Plaintiffs have argued in their response to Burnett's motion to dismiss for lack of personal jurisdiction, Burnett has sufficient contacts with Texas to allow this Court personal jurisdiction. Moreover, Burnett's mistaken position on personal jurisdiction has no bearing on his motion here, which is simply seeking reconsideration of an Order on the applicability of the first-to-file rule, not personal jurisdiction.

Second, Magistrate Judge Hawthorn correctly determined that there is no substantial overlap sufficient to invoke the first-to-file rule. In determining whether to invoke the first-to-file rule, courts ask "two questions: (1) are the two pending actions so duplicative or do they involve such substantially similar issues that one court should decide the subject matter of both actions, and if so, (2) which of the two courts should take the case." *Datamize, Inc. v. Fid. Brokerage Servs.*, LLC, No. 2:03-cv-321, 2004 U.S. Dist. LEXIS 29100, at *8 (E.D. Tex. Apr. 22, 2004) (citing *Texas Instruments v. Micron Semiconductor*, 815 F. Supp. 994, 997 (E.D. Tex. 1993)). In making this determination, courts often look to the identity of the parties, the claims and issues raised in the two cases, and the prevailing equities to determine whether there is substantial overlap. *E.g.*, *Jones v. Xerox Commercial Solution, LLC*, No. H-13-0650, 2013 U.S. Dist. LEXIS 89347, at *7-10 (S.D. Tex. June 26, 2013).

Here, Burnett Defendants argue that a substantial overlap exists because: (1) the cases involve the same claims—specifically, RICO violations, "[t]he legal sufficiency of [which] under the facts common to all cases is a paramount concern and could very well be dispositive of all these claims" (Burnett Defendants' Motion at 3, ECF No. 57); (2) Plaintiffs in this matter were class members in *David*; and (3) the "common predominant legal issues" on the claims will result in dismissal under Federal Rules of Civil Procedure 9 and 12(c), and thus do not require "analysis of each Plaintiff's claim."

These arguments miss the mark. As a preliminary matter, Plaintiffs have *not alleged* RICO violations. Moreover, as Magistrate Judge Hawthorn noted, Plaintiffs were *never members* of the *David* class because the *David* class was never certified, and to the extent Plaintiffs remain parties in the *David* suit, it is only on their FLSA claims, which Plaintiffs do not raise here. Finally, determinations of the legal sufficiency of the claims under Fed. R. Civ. P.

9 and 12(c) will require individual analysis and proof, as will determinations of the claims on the merits. Thus, as Magistrate Judge Hawthorn correctly noted, "not only are each of the individual plaintiffs' forced labor, trafficking . . . and civil rights claims different from one another in this suit . . . they are entirely different from their pending FLSA claims in *David*. Therefore, the issues presented by Plaintiffs here cannot be resolved in the *David* suit." (ECF No. 58 at 6.)

Lastly, Burnett Defendants' argument that the matter be transferred for the convenience of the parties is irrelevant. The Order concerns the applicability of the first-to-file rule, not convenience. Plaintiffs have the right to choose the venue as long as that venue has jurisdiction over the parties, as this Court does. Whether the Defendants would prefer another venue is not reason to reconsider Magistrate Judge Hawthorn's well-reasoned Order on the first-to-file rule.

### III. THE COURT NEED NOT CONSIDER SIGNAL DEFENDANTS' MOTION.

As the Fifth Circuit recognizes, "[t]he district court need not consider frivolous, conclusive, or general objections" to a Magistrate Judge's order. *United States v. Pena*, 582 F. Supp. 2d 851, 853 (5th Cir. 2008). Here, Signal Defendants offer no argument to support their motion for reconsideration. Instead, after a lengthy recitation of the procedural history relating to their MDL motion, Signal Defendants simply list their general objections to the Order in a single paragraph without argument or support. (ECF No. 59 at 3.) In doing so, Signal Defendants essentially admit they expect their motion to be denied, because motions raising the exact same objections were denied in the *Samuel* and *Joseph* cases. (*Id.*) Signal Defendants' candor highlights how unnecessary their motion for reconsideration is—indeed, the motions' only apparent purpose is to require Plaintiffs and the Court to spend time analyzing and responding to it. Because Signal Defendants offer only "frivolous, conclusive, [and] general

objections" to the Order, the Court "need not consider" their motion. *Pena*, 582 F. Supp. 2d at 853.

Finally, even if the Court does consider it, Signal Defendants' motion essentially raises the same objections as Burnett Defendants' motion and fails for the same reason—namely, that Magistrate Judge Hawthorne correctly refused to apply the first-to-file rule. Signal Defendants' motion also fails for the reasons identified previously by the *Samuel* Plaintiffs (Case No. 1:13-cv-00323, ECF No. 123)[2] and this Court (Case No. 1:13-cv-00323, ECF No. 63).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' motions for reconsideration and objections to the Order.

Date: August 4, 2014

By:   */s/ Michael D. Findlay*
Michael D. Findlay
State Bar No. 24077855
**FINDLAY CRAFT, P.C.**
102 N. College Ave., Suite 900
Tyler, TX 75702
Telephone: (903) 534-1100 (Office)
Fax: (903) 534-1137

*Admitted Pro Hac Vice:*

James E. Dorsey (MN#137893)
Sten-Erik Hoidal (MN #35241X)
Timothy M. O'Shea (MN #386437)
Lousene Hoppe (MN #387171)
**FREDRIKSON & BYRON P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402
Telephone: (612) 492-7000
Fax: (612) 492-7077

**ATTORNEYS FOR PLAINTIFFS**

---

[2] This memorandum incorporates by reference those arguments made by the *Samuel* Plaintiffs. (Case No. 1:13-cv-00323, ECF Nos. 110, 123.)

- 6 -

51021980/5

## CERTIFICATE OF SERVICE

      I hereby certify that on August 4, 2014, this document was served on all counsel of record via electronic mail.

                                                  */s/ Michael D. Findlay*
                                                  Michael D. Findlay