UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| SATHEESH MARIMUTHU, et al<br>Plaintiffs | * <br> * <br> * | Case No: 1:13-cv- 499 |
| vs. | * <br> * <br> * | |
| SIGNAL INTERNATIONAL, LLC, et al,<br>Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

OBJECTION TO MAGISTRATE'S REPORT AND RECOMMENDATION TO MOTION TO DISMISS PURSUANT TO FED. R. CIV. P.12(B)(2) BY MALVERN C. BURNETT, THE LAW OFFICES OF MALVERN C. BURNETT, A.P.C., AND GULF COAST IMMIGRATION LAW CENTER, L.L.C.,

May It Please the Court,

Defendants, Malvern C. Burnett, the Law Offices of Malvern C. Burnett, APC, and the Gulf South Immigration Law Center, LLC, (hereinafter referred collectively to as "Burnett) herewith object to the Report and Recommendation of the Magistrate Judge on the Burnett Defendants' Motion to Dismiss for lack of jurisdiction over the person of the Burnett Defendants.

Burnett submits that the Magistrate Judge is in error in his determination that Plaintiffs have alleged an act outside the state that caused tortuous injury within the state". To the contrary, Plaintiffs' Complaint failed to allege any or injuries damages suffered by Plaintiffs in Texas as a result of the alleged acts and misrepresentations which took place in India, long before any of the Plaintiffs were chosen by Signal to work in its Texas facility. Rather all of the damages alleged as a result of Burnett's conduct were all incurred in India while Plaintiffs were residents of and actually located in India. The fact that these Plaintiffs ended up in Texas, of

which Burnett had no knowledge or involvement, occurring solely because of Signal's determination, does not equate with Burnett having directed actions toward residents of Texas. Even if Plaintiffs had been residents of Texas at the time the alleged injuries were incurred, which they were not, such injury is not sufficient to establish specific jurisdiction. Merely causing harm to a resident of a state is not sufficient to establish personal jurisdiction, Stroman Realty, Inc. v. Wercinski, 513 F.3d 476, at 486. Similarly, foreseeable injury in the state is not enough "absent the direction of specific acts toward the forum." Bustos v Lennon, No. 12-50765, ___F3d___ (5th Cir., Aug. 2013), (Unpublished Opinion); McFadin v. Gerber, 587 F.3d 753, 762 (5th Cir. 2009); Wien Air Alaska, Inc. v. Brandt, 195 F.3d 208, 212 (5th Cir. 1999) .

Burnett also objects to the Magistrate Judge's determination that evidence considered outside of the Complaint "establishes Burnett 'purposefully directed his activities at residents of the forum'". The evidence considered does not establish that any activities were directed toward residents of Texas, or that the injuries alleged were suffered in Texas or by Texas residents. The evidence considered demonstrates quite the opposite, that Burnett's activities could not have been directed to residents of Texas, as he had no knowledge of which Indian welders might end up in Texas, and all of the damages alleged occurred in India long before any Plaintiffs became a resident of Texas. Moreover, none of the "evidence" referred to by the Magistrate Judge identified or in any way demonstrate that it was related to any of the named Plaintiffs.

The forms required to filed, were not directed to any particular individual, but rather to a corporation with its principle place of business located in Mississippi. Preparing and then mailing from Louisiana forms required by U.S. Immigration procedures, for a client whose principal place of business was Mississippi, at a time when the unidentified 110 Indian welders referenced in the application had not been selected by Signal to work in at its Texas facility, and at a time when none of the Plaintiffs were either in Texas or a resident of Texas, simply cannot be a specific act directed toward a Texas resident. Rather, it was an act for the benefit of and

directed to a client in Mississippi.

NO EFFECTS JURISDICTION.

Burnett specifically objects to the Magistrate Judge's findings that "Plaintiffs have satisfied the minimum contact requirement by alleging the Burnett Defendants committed acts outside of Texas that caused tortuous injuries within Texas". A review of Plaintiffs' Complaint shows that under Fifth Circuit precedent, plaintiffs have failed to establish a prima facie case for specific jurisdiction.

First, conclusory allegations cannot support a claim of personal jurisdiction.

> The court shall accept as true that party's uncontroverted allegations (so long as the allegations are not merely conclusory) and resolve all factual conflicts in favor of the party seeking to invoke the court's jurisdiction. (Emphasis added).

Central Freight Lines Inc. v. Apa Transport Corp., 322 F.3d 376, at 380 (5th Cir., 2003).

See also, Thomas v. Kadish, 748 F. 2d 276, at 282 (5th Cir. 1984); Panda Brandywine Corp , 253 F. 3d 865, at 868 (5th Cir. 2001).

Moreover, the Fifth Circuit has emphasized in several opinions that "effects jurisdiction", based on effects suffered in the forum state from acts committed outside the state are rare, and does not lie simply because an injured plaintiff resides in the forum.

> "[A]n act done outside the state that has consequences or effects within the state will suffice as a basis for jurisdiction in a suit arising from those consequences if the effects are seriously harmful and were intended or highly likely to follow from the nonresident defendant's conduct." (Citations omitted). This type of jurisdiction is rare however, and the effects of an alleged intentional tort are merely part of the analysis of minimum contacts. (citation omitted). Merely causing harm to a resident of a state is not sufficient, id., nor is the "fortuity of one party residing in the forum state." (citation omitted). Similarly, foreseeable injury in the state is not enough "absent the direction of specific acts toward the forum."

Bustos v Lennon, No. 12-50765, ___F3d___ (5th Cir., Aug. 2013). Unpublished Opinion.

> "Effects" jurisdiction is premised on the idea that an act done outside a state that has consequences or effects within the forum state can suffice as a basis for personal jurisdiction if the effects are seriously harmful and were intended or highly likely to follow from the nonresident defendant's conduct. Moncrief Oil Int'l Inc. v. OAO Gazprom, 481 F.3d 309, 314 (5th Cir.2007). Such jurisdiction

>is rare. Id. Moreover, as this court has noted, "[T]he key to Calder is that the effects of an alleged intentional tort are to be assessed as part of the analysis of the defendant's relevant contacts with the forum." Allred v. Moore & Peterson, 117 F.3d 278, 286 (5th Cir.1997), cert. denied, 522 U.S. 1048, 118 S.Ct. 691, 139 L.Ed.2d 637 (1998) (emphasis added) (quoting Wallace v. Herron, 778 F.2d 391, 395 (7th Cir.1985), cert. denied, 475 U.S. 1122, 106 S.Ct. 1642, 90 L.Ed.2d 187 (1986)). We have declined to allow jurisdiction for even an intentional tort where the only jurisdictional basis is the alleged harm to a Texas resident.

Stroman Realty, Inc. v. Wercinski, 513 F.3d 476, at 486 (5th Cir., 2008).

In point of fact, none of the alleged tortuous injuries from Burnett's alleged conduct were suffered or incurred in Texas or by a Texas resident. Rather, the Complaint shows that the injuries allegedly suffered as a direct result of Burnett's alleged conduct were suffered while plaintiffs were still in India, long before any of them were hired by Signal, and long before Signal choose which workers to employ at its Texas facility. Plaintiffs assert they were defrauded out of money in recruitment fees, which they paid before leaving for the United States, and allegedly undertook considerable economic, social, familial and personal sacrifices while in India to obtain the funds necessary to cover those fees (¶ 77), which was all paid before Plaintiffs left for the United States (¶¶ 108- 109). All of these claimed damages, alleged to have been caused by actions or conduct of Burnett, were incurred while Plaintiffs were in India and residents or citizens of India.

Simply put, the harm alleged occurred in India, and was allegedly suffered at a time when Plaintiffs were residents of India, not Texas. That these Indian residents and citizens would later become residents of Texas was merely fortuitous. Such allegations can no more support a finding of specific jurisdiction in Texas, than could allegations of injuries suffered by a Texas resident in an automobile accident in another state caused by the negligence of a citizen of that other state could support personal jurisdiction over that non-resident in Texas.

Similarly, it cannot be deduced that merely because Burnett prepared forms that would allow Signal to hire workers in Texas, that the harm alleged to have occurred in Signal's Texas facility was intended by Burnett or "highly likely to occur". Further, a determination that the

allegation that Burnett, whose office is in Louisiana, failed to return telephone calls to one Plaintiff, Muralidharan Arumugam, (¶25), somehow constituted tortuous conduct, or caused any injury in Texas, is completely without basis in law or fact. No intent of any sort can be deduced from unreturned telephone calls, and could never support a claim of tortuous conduct, much less serve as the basis for finding specific jurisdiction.

EVIDENCE OUTSIDE THE COMPLAINT DOES NOT ESTABLISH PURPOSEFULLY DIRECTED ACTIVITIES.

The deposition testimony referenced by the Magistrate Judge concerned what Burnett generally told prospective workers while in India prior to their consulate interviews, before any of the workers had been approved by the United States Consulate, and well before any left for the United States. There is neither evidence of any tortuous conduct in the statement quoted, or any injury shown or alleged to have been caused by that statement, much less any injury suffered by a resident of Texas or while any of the Plaintiffs were in Texas. Besides, there is no showing that these statements were ever made to any of Plaintiffs herein. While the Complaint describes pre-consulate interviews for some of the Plaintiffs, only three individual Plaintiffs described them and alleged that the interviews were conducted by Dewan or his employees. (¶¶ 199, 268, 309).

Similarly, the fact that forms were required to be sent to the Texas Workforce Commission, and were sent from outside of Texas on behalf of Signal does not equate with Burnett purposefully availing himself of the protections of the laws of Texas, or that he should foresee the possibility of being haled into a Texas court because of subsequent occurrences with which Burnett had no involvement, and of which he certainly could not have foreseen. At the time the forms were sent, at the request of and on behalf of Signal, the H-2B visa applications for 110 unknown welders had not yet been approved, and Signal had not yet determined which workers it would hire or whom it would send to its facility in Orange, Texas. Simply because Burnett, acting as an attorney in Louisiana, sent forms required by federal immigration

regulations from another state, for a client whose principle place of business is in still another state, and whose directions and instructions came from its main office in Mississippi, does not show that Burnett either availed himself of the laws and protection of Texas or that he should have anticipated being sued in Texas because of alleged subsequent conduct by Signal in Texas.

The fact that Burnett visited the Signal facility once or possibly twice is, likewise, not sufficient to establish specific jurisdiction. Moncrief Oil Intern. Inc. v. Oao Gazprom, 481 F.3d 309, at 311 (5th. Cir., 2007); Hydrokinetics, Inc. v. Alaska Mechanical, Inc.,700 F.2d 1026,at 1029 (5th Cir., 1983) .

In Moncrief the Fifth Circuit found that a visit by one of the defendant's executive that furthered the contract at issue was insufficient to impose personal liability on the defendant.

> The only remaining alleged contact for Zapsib is the 1997 visit of its executive, Mr. Nikiforov, to Texas. The visit, at the invitation of Moncrief, helped to further planning and negotiations, but no agreement was established during the trip. In Hydrokinetics, we found that the defendant's two physical visits to Texas did not create jurisdiction, in part because the defendant did not regularly do business in Texas, and because most of the negotiations appeared elsewhere. 700 F.2d at 1028-29. The same is true here, and Mr. Nikiforov's visit did not create jurisdiction.

Moncrief , supra at 313.

Although there is no need to further examine the Magistrate Judge's finding that exercising jurisdiction comports with notions of fair play and substantial justice, having shown that the Complaint does not establish minimal contacts sufficient to exercise personal jurisdiction over Burnett under traditional contact analysis, Montcrief, supra, at 315, Burnett submits that the Magistrate Judge was in error in that determination as well. There was no consideration given to the fact that there are a multitude of cases ongoing in the Eastern District of Louisiana making identical allegations against all the same defendants and that under 28 U.S.C. 1404 this matter could be transferred to the Eastern District of Louisiana where there exist not only jurisdiction over Burnett, but also where all defendants in all of the related cases have made appearances and/or over whom personal jurisdiction has been exercised.

Also, the fact that Burnett is but a single attorney, in the face of six other suits pending and proceeding in the Eastern District of Louisiana, brought by over a hundred plaintiffs represented by over thirty counsel of record, with facts and issues that substantially overlap the facts and issues herein, presents a grave inconvenience and difficulty for Burnett to defend against in this jurisdiction. Burnett submits that when weighing whether or not traditional notions of fair play and substantial justice have been afforded, everything that touches on having to defend the allegations of the Complaint should be considered, including the extent to which the allegations are mere conclusory statements of plaintiffs' counsel, the extent to which the Rules of Civil Procedure have not been followed in alleging fraud, and the extent to which transfer to another forum would afford a more efficient ability to defend against all related cases and minimize re-litigation of issues and the possibility of inconsistent rulings. Looking at all these things leads only to the conclusion that forcing Burnett to litigate in this forum violates traditional notions of fair play and substantial justice.

CONCLUSION

Burnett respectfully request this Court to reject the Report and Recommendations of the Magistrate Judge in denying Burnett's Motion to Dismiss under Rule 12(b)(2), and find that personal jurisdiction over him in this matter has not been established.

Alternatively, should this Court decide not to do so, Burnett requests that this Court indicate in its Order that its opinion and that of the Magistrate Judge involves controlling questions of law as to which there is substantial ground for a difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation, so as to allow an interlocutory appeal of this matter be granted in the discretion of the Fifth Circuit.

        Respectfully submitted,
        s/ Timothy W. Cerniglia
        Timothy W. Cerniglia (TX Bar # 00789930)

>1521 St. Charles Avenue
>New Orleans, Louisiana 70130
>Telephone 504-586-0555
>Facsimile 504-586-0550
>tcerniglia@cerniglialaw.pro
>Attorneys for the Burnett Defendants

CERTIFICATE OF SERVICE

This is to certify that a copy of this motion has been served electronically on Plaintiffs and the Signal and Dewan Defendants with the Clerk of Court using the Court's CM/ECF system, this 12th day of August, 2014.

>s/ Timothy W. Cerniglia