UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

SATHEESH KANNAN MARIMUTHU, et al *          Case No: 1:13-cv-00499 MAC-ZJH
             Plaintiffs
                              *

        vs.                   *

                              *

SIGNAL INTERNATIONAL, LLC, et al,
           Defendants     *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

ANSWER OF MALVERN C. BURNETT,
THE LAW OFFICES OF MALVERN C. BURNETT, A.P.C., AND
GULF COAST IMMIGRATION LAW CENTER, L.L.C.

Now comes Malvern C. Burnett, The Law Offices of Malvern C. Burnett, A.P.C. , and the Gulf Coast Immigration Law Center, L.L.C., hereinafter referred to collectively as "Burnett, who in response to the Plaintiffs' Complaint in the above captioned matter herewith makes the following objections, defenses, and answer.

GENERAL OBJECTION TO COMPLAINT.

Burnett objects to the Plaintiffs' Complaint as being in violation of Rule 8 of the Federal Rules of Civil Procedure, in that it does not contain a short and plain statement of claims, but rather a 80 page, 424 paragraph narrative, being essentially argument of counsel, replete with conclusory, inflammatory, and superfluous statements designed solely to inflame, and engender passion and prejudice against Defendants, including Burnett, and containing several erroneously

portrayed events, which events, even if correctly described, are irrelevant and inadmissible in any of the claims asserted by these Plaintiffs against Burnett.

## FIRST DEFENSE

The assertions and allegations of Plaintiffs' Complaint against Burnett, including the First, Third, Fourth, and Fifth, Claims for Relief, are no more than conclusory statements of Plaintiffs' counsel that are not entitled to be assumed true, and as such fail to plausibly state a claim against Burnett upon which relief can be granted.

## SECOND DEFENSE

At all times, Burnett merely acted as attorney for his clients, lawfully representing same, performing the tasks and assignments requested of him, filing lawful and proper petitions and legal applications to the government, and asserting constitutionally guaranteed rights and actions for and on behalf of his clients, which lawful conduct and action in representation of his clients cannot serve as the basis for violations of 18 U.S.C. 1589, et seq., or 18 U.S.C. 1590, et seq., and which lawful representations and actions as an attorney lawfully representing his client are afforded a common law qualified immunity from liability.

## THIRD DEFENSE

At all times pertinent, Burnett was filing lawful and proper petitions to the United States government for and on behalf of his clients, which right of petition is guaranteed by the First Amendment, affording Burnett immunity from statutory liability under 18 U.S.C. 1589, et seq., or 18 U.S.C. 1590, et seq, for exercising such First Amendment rights of and on behalf of his

clients, and as such herewith pleads the doctrine of Noerr-Pennington as a defense to Plaintiffs'

First and Second Claims for Relief.

FOURTH DEFENSE

Any and all statements or representations that may have been made by Burnett were

accurate renditions of statements and representations he was instructed and authorized to make

by Signal in the performance of his responsibilities as an immigration attorney, for which

statements he cannot personally be held liable for misrepresentation or fraud of Signal.

FIFTH DEFENSE

Burnett fully, faithfully, and lawfully  fulfilled all contractual obligations to his clients,

until he was prevented from doing so by Plaintiffs' breached their contractual obligations.

SIXTH DEFENSE

Plaintiffs have suffered no damages or injury as a result of any action or conduct by

Burnett.

SEVENTH DEFENSE

Burnett asserts that any payment received for legal services rendered, including any

assistance with the preparation of immigration forms for submission to governmental agencies

or entities, review of application documentation, vetting for eligibility to migrate to the United

States, counseling potential H-2B workers, and later preparations and filing of extensions and

other immigration work, that such fees were actually earned, and all services were rendered

diligently, honestly, in good faith, within the standard of care, without any misrepresentation

of fact or law, and that every Indian worker who migrated to the United States as a result of his work, including Plaintiffs herein, received a fair value for such services rendered, and that as such, Plaintiffs cannot establish that they were defrauded in any manner.

### EIGHTH DEFENSE

Plaintiffs have not suffered and cannot establish any detrimental reliance as the result of anything said or done or any alleged representations by Burnett.

### NINTH DEFENSE

All claims of negligent or fraudulent misrepresentations are based on conduct alleged to have occurred in either India or the United Arab Emirates, and as such, Plaintiffs have no cause of action under any state of the United States of America or federal law for such alleged conduct.

### TENTH DEFENSE

Plaintiffs breached applicable contracts, thereby terminating any further contractual obligations that might otherwise have been due by Burnett, estopping them from making any claims for damages.

### ELEVENTH DEFENSE

Burnett pleads misjoinder of parties, of both Plaintiffs and Defendants, pursuant to Rule 21 of the Federal Rules of Civil Procedure.

### TWELFTH DEFENSE

Plaintiffs have failed to state the with particularity the facts and circumstances constituting fraud against Burnett, as required by Rule 9(b) of the Federal Rules of Civil

Procedure.

### THIRTEENTH DEFENSE

As to all Plaintiffs and to all pertinent allegations against Burnett, Burnett herewith denies all and singularly that he made any representation other than that he would prepare and file all H-2B applications and extensions on behalf of Signal, and that at such time as Signal sponsored any Plaintiffs for  permanent work in the United States, that he would prepare such applications or petitions for filing.

### FOURTEENTH DEFENSE

Plaintiffs' alleged claims are barred by prescription, preemption, laches or applicable statute of limitations.   Texas does not recognize cross-jurisdictional tolling of the statute of limitations for the filing of a class action in federal court where class certification was denied, and as such all state based causes of action have lapsed under applicable statute of limitations. To the extent Indian law may apply, any such claims are likewise barred by the running of applicable statute of limitations, under the choice of law rules of the Texas, the state in which this matter was filed.

### FIFTEENTH DEFENSE

At all material times the Burnett Defendants acted lawfully and in good faith and any alleged legal advice rendered was sound, legal and proper.  Burnett denies that any wrongful or illegal acts were committed by any of the defendants as alleged.  However, the Burnett Defendants aver that in the event it shall be determined that any alleged wrongful and/or illegal

acts were committed by any defendant, which is denied, at no time did the Burnett Defendants condone, support, authorize, approve of, join in, participate in, or know of any such alleged wrongful or illegal acts.

### SIXTEENTH DEFENSE

Plaintiffs cannot recover for any alleged claims or damage stated in the Plaintiffs' Complaint as plaintiffs' conduct and actions were themselves the cause of any alleged injury or damage; or alternatively, in the event that this Court should find any liability on the part of the Burnett Defendants, which is denied, the Burnett Defendants plead the contributory negligence or comparative fault of plaintiffs which serves as a bar and/or diminution of plaintiffs' recovery. In the further alternative, the Burnett Defendants plead in bar or diminution of recovery the doctrine of assumption of risk and/or volenti non fit inuria.

### SEVENTEENTH DEFENSE

In the alternative, in the event this Court should find that plaintiffs have suffered any of the damages alleged, which is denied, the Burnett Defendants aver that plaintiffs' damages, if any, were caused or contributed to by other persons or parties for whose actions the Burnett Defendants are not legally responsible.

### EIGHTEENTH DEFENSE

Plaintiffs have failed to mitigate their alleged damages so that any alleged recovery sought herein should be reduced or be precluded entirely.

NINETEENTH DEFENSE

Any damages suffered by plaintiffs (all of which are denied) must be offset by the benefits and income they received from Signal and/or which they could have received had they not left Signal's employ or performed such acts which caused the termination of employment with Signal; and/or which they have otherwise received while working in the United States since leaving Signal's employment.

TWENTIETH DEFENSE

The Plaintiffs seek relief to which they are not entitled, including, but not limited to punitive damages.

TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred or reduced by the doctrine in pari delicto, in that plaintiffs, in direct contravention of specific instructions by Burnett, have asserted that they deliberately and knowingly lied and made false statements to American consular officials in order to obtain work visas to the United States.  If that is proved, then plaintiffs' RICO claims are barred under said doctrine; to-wit: as a result of their own conscious and knowing actions, plaintiffs bear at least substantially equal responsibility for the violations they seek to redress via RICO.  Their own culpability was a cause-in-fact and proximate cause of the alleged violations.  Not only would none of the alleged violations have occurred without this culpability, it was a direct rather than a remote cause of any alleged violations.  Therefore, many, if not all, of the plaintiffs' claims are barred by their own delictual responsibility.  It is specifically averred that at no time

did the Burnett Defendants know of any such alleged misrepresentations by plaintiffs.  Nor did the Burnett Defendants advise or counsel any of the plaintiffs or any other party to make or cause any such alleged misrepresentations to any person or agency or party.  Nor did the Burnett Defendants make any statement to any agency or party that was false or known to be false when made.  To the contrary, those Indians with whom Burnett met, were instructed to answer any questions put to them in an honest and truthful manner.  The Burnett Defendants did not authorize or direct any other person to instruct or counsel any Indian applicant to lie or intentionally make false statements to the American consular officials.  All forms, petitions, applications and other documents prepared and filed by Burnett were in full accord with all federal, state, or local laws and regulations, were completely proper under said laws and regulations, and cannot serve as the basis for any claims of fraud or misrepresentation.

TWENTY-SECOND DEFENSE

At no time did the Burnett Defendants knowingly engage in a pattern of racketeering activity, engage with any enterprise involved in racketeering activity, promote the enterprise of any association engaged in racketeering activity, or threaten anyone with the continuation of, much less the initiation of, any enterprise engaged in criminality.  The Burnett Defendants are not, nor have they ever been organized for any immoral, unlawful or illicit purpose.  The Burnett Defendants have never knowingly used any unlawful tactic or practice to further its business or satisfy its business needs.

-8-

TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred under the doctrine of unclean hands.

TWENTY-FOURTH DEFENSE

The doctrine of res judicata and issue preclusion prevent Plaintiffs from asserting the claims set forth herein.

TWENTY-FIFTH DEFENSE

The actions for which Plaintiffs seek recovery resulted from the unilateral actions of government entities, agents, agencies, or employees over which defendants had no control.

TWENTY-SIXTH DEFENSE

Plaintiffs claims are barred because they resulted from government action unrelated to the actions of any defendant.  Moreover, Plaintiffs assumed the risk that the US Government may deny or refuse to extend applications.

TWENTY-SEVENTH DEFENSE

Plaintiffs' damages were caused in whole or in part by third parties other than the Burnett Defendants, and/or by their own conduct or actions, over which Burnett had no control.

TWENTY-EIGHTH DEFENSE

Burnett performed the services he contracted to provide, earned the fee charged, and as such, as well as under the specific provisions of the contracts with Plaintiffs, Plaintiffs are not entitled to a refund from the Burnett Defendants.

TWENTY-NINTH DEFENSE

Plaintiffs voluntarily, after due consideration, knowingly and consciously entered into contracts with Burnett, being fully aware of all risks attendant in entering into such contracts, including but not limited to those of traveling to the United States for work, that there was no guarantee or assurance that the United States would issue either temporary or permanent work visas, or that any employment in the United States would be totally satisfactory.

THIRTIETH DEFENSE

Burnett objects to the inflammatory and prejudicial characterizations set forth in the paragraphs of Plaintiffs' Complaint, as opposed to short, plain statements of grounds for relief claimed, and moves that such be stricken from this pleading.  Subject to that objection, all allegations of fact of any wrongdoing, as well as all inferences or suggestions of wrongdoing by Burnett set forth in the numerous paragraphs of Plaintiffs' Complaint are denied.

THIRTY FIRST DEFENSE

Burnett avers that this court lacks personal jurisdiction, either general or specific,  over the Burnett Defendants, Burnett having insufficient minimal contacts with the state of Texas to justify the imposition of jurisdiction over his person, and Burnett not having purposefully availed himself of the protection or advantages of the laws of the state of Texas.

THIRTY-SECOND DEFENSE

And Now, further answering the specific allegations of Plaintiffs' complaint, Burnett avers as follows.

-10-

Paragraph 1

Burnett objects to the inflammatory and prejudicial characterizations set forth in these paragraphs and move that they be stricken.  The allegations of this paragraphs as to Burnett are denied.

Paragraph 2

The allegations of this paragraph are denied.

Paragraphs 3 - 11

The allegations of these paragraphs are denied.

Paragraphs 12-15

The allegations of these paragraphs do not appear to concern Burnett.  To the extent an answer is deemed necessary, same are denied for lack of information on which to justify a belief.

Paragraphs 16 - 21

The allegations of these paragraphs are denied.

Paragraphs 22-26

To the extent the allegations set forth in these paragraphs set forth legal conclusions, they require no response from the Burnett Defendants, but are denied out of an abundance of caution, except to admit that this Court has jurisdiction over the subject matter of this case. Burnett denies this court has personal jurisdiction over him and again reavers his objection to the exercise of jurisdiction over the person of Burnett, and asserts that venue is not proper here, pursuant to the first filed rule.

-11-

Paragraphs 27-37

The allegations of these paragraphs are denied for lack of information on which to justify a belief, except to deny that Burnett was an Agent for any Defendant, that he recruited Plaintiffs, and the amounts alleged by Plaintiffs to have been paid to Burnett as attorney fees, which fees were for services rendered.

Paragraphs 38 - 50

The allegations set forth in these paragraphs that do not concern Burnett, are denied for lack of information on which to justify a belief.  The allegations that Burnett entered into contracts with Pol and/or Dewan to provide labor in Texas are denied, as are all allegations that Burnett entered into a joint venture with Pol and./or Dewan, and all allegations that Burnett either acted as an agent of Dewan or Pol or that Pol or Dewan acted as an agent of Burnett, all such allegations as to Burnett being denied.

Paragraph 51

The allegations of this paragraph are denied, except to admit that Burnett is a practicing attorney, that he properly prepared and filed immigration documents so that Plaintiffs could legally enter the United States to work for Signal, for which services he charged a fee.

Paragraphs 52-53

The allegations of these paragraphs are admitted.

Paragraph 54

The allegations of this paragraph are legal conclusions which require no answer on behalf

-12-

of Burnett.  To the extent an answer is deemed necessary same are denied, except to admit that Burnett was the sole member and registered agent for the Law Offices of Malvern C.  Burnett and the Gulf Coast Immigration Law Center, L.L.C.

Paragraphs 55-61

The allegations set forth in these paragraphs do not appear to concern Burnett.  To the extent an answer is deemed necessary same are denied for lack of information on which to justify a belief, except to deny that Burnett recruited any skilled workers and deny that Burnett was an agent of any Defendant.

Paragraph 62

The allegations of this paragraph are denied except to admit that in late 2006 Burnett executed a letter agreement with Signal for the performance of legal services, the best evidence of which is the agreement itself.

Paragraphs 63 - 65

The allegations set forth in these paragraphs that do not concern Burnett, are denied for lack of information on which to justify a belief.  The allegations that Burnett recruited any skilled worker is denied, as is any suggestion or inference that Burnett "targeted" Plaintiffs for anything.

Paragraphs 66- 68

The allegations of these paragraphs are denied, except to admit that Burnett relayed representations made by Signal that Plaintiffs could legally enter the United States under H-2B

-13-

visas to work for Signal, that up to two extensions would be filed, and thereafter that Signal would sponsor them for permanent residency, without any promise of being able to remain in the United States while the permanent residency petition was pending, and that Plaintiffs knowingly and voluntarily elected to enter into agreements whereby they would enter the United States to work for Signal under H-2B visas as was fully explained to them.

## Paragraph 69

The allegations set forth in this paragraph does not appear to concern Burnett.  To the extent an answer is deemed necessary same are denied for lack of information on which to justify a belief, except to deny any inference or suggestion of misrepresentations by Burnett or that his fees for services rendered were anything other than reasonable charges for the services rendered.

## Paragraphs 70 - 76

The allegations of these paragraphs are denied, except to admit that, at all material times, that Burnett Defendants were requested, as immigration attorney, to provide general information as to the H-2B process at various informational meetings, and he diligently, honestly, in good faith, within the standard of care, without any misrepresentation of fact or law, relayed representations made by Signal that Plaintiffs could legally enter the United States under H-2B visas to work for Signal, that up to two extensions would be filed, and thereafter that Signal would sponsor them for permanent residency, without any promise of being able to remain in the United States while the permanent residency petition was pending, and that

Plaintiffs knowingly and voluntarily elected to enter into agreements whereby they would enter the United States to work for Signal under H-2B visas as was fully explained to them.

### Paragraphs 70 - 82

The allegations of these paragraphs are denied.

### Paragraph 83 and 86

The allegations of this paragraph are denied for lack of information on which to justify a belief, except to admit that at various times in mid to late 2006, labor certifications by Signal were approved for a total of 590 unnamed H-2B workers and that the USCIS approved Signal's H-2B visas for unnamed welders and fitters.

### Paragraphs 84, 85, and 87

The allegations of these paragraphs are conclusions of law, and appear to require no answer by Burnett.  To the extent an answer is deemed necessary, same are denied as being an incomplete and incorrect characterizations or interpretations of the laws and regulations concerning H-2B visas.

### Paragraphs 88 - 89

The allegations of these paragraph are denied.

### Paragraphs 90 -93

The allegations of these paragraph are denied for lack of information on which to justify a belief.

Paragraph 94

The allegations of this paragraphs are denied.

Paragraph 95

The allegations of this paragraph are denied for lack of information on which to justify a belief.

Paragraph 96

The allegations of these paragraph are admitted.

Paragraph 97

The allegations of this paragraph are denied for lack of information on which to justify a belief.

Paragraphs 98 - 115

As to Burnett, the allegations of these paragraph are denied, except to admit that Burnett attempted to meet with potential candidates in order to prepare them for their consular interviews, and in addition to informing them of the types of questions likely to be asked, instructed everyone with whom he met to always truthfully answer any questions asked.  As to all other Defendants same are denied for lack of information on which to justify a belief.

Paragraph 116

The allegations of this paragraph are denied for lack of information on which to justify a belief, except to deny that Plaintiffs did anything except upon a knowing and well informed consent that was voluntarily given.

-16-

Paragraphs 117 - 120

The allegations of this paragraph are denied for lack of information on which to justify a belief, except to admit that Plaintiffs obviously traveled to the United States at some point in time and that Signal decided which workers were to be employed in its different facilities.

Paragraph 121

The allegations of this paragraph are denied for lack of information on which to justify a belief.

Paragraph 122

The allegations of this paragraph are denied, except to admit, that until such time as Plaintiffs terminated the attorney client relationship by breaching their contractual obligations and their intentional cutting off of communication with Burnett, at which time Plaintiffs terminated the attorney-client relationship.

Paragraph 123

The allegations of this paragraph are denied as being inaccurate and incomplete conclusions of Plaintiffs' counsel, except to admit that Attorney Services Agreements were entered into with many, but not all, of signal's H-2B workers, and that the best evidence of the content of which are the agreements.

Paragraphs 124 and 125

The allegations contained in these paragraphs are denied, except to admit that Burnett did properly and correctly prepare a the necessary ETA 750 forms, as well as H-2B visa

applications and extensions to allow Plaintiffs to legally enter into the United States to work for Signal, in full compliance with all then USCIS regulations and statutes, and that under said regulations, applicants for an H-2B visa can be eligible to file an application for permanent residency, and that the entire process was fully explained to and understood by Plaintiffs.

### Paragraphs 126 through 131 and 135 through145

The allegations contained in these paragraphs are denied, except to admit that at different times he entered into contracts with Signal, as well as with Global Resources, and Dewan consultants, which contracts were proper and correct for lawful purposes.  Burnett specifically objects to and denies all the argumentative, conclusory, and inflammatory statements, inferences, and suggestions contained in these paragraphs, including  the allegations of alleged incidents that are inadmissible and irrelevant to Plaintiffs' claims, and further move that they be stricken.  Burnett denies all statements, inferences, suggestions, and allegations of any deception, concealment, conflict of interest, or dishonest conduct by Burnett asserted in these paragraphs, or that Plaintiffs had any need to approve any contractual relationship he may have had with any of the other Defendants at different times.

### Paragraphs 132 and 133

The allegations contained in these paragraphs are denied for lack of information on which to justify a belief, and further denies such allegations have any relevance or bearing on Plaintiffs' claims herein.

Paragraph 134

The allegations of this paragraph are denied except to admit that Burnett attended a meeting in Mississippi, at which Plaintiffs were neither present nor addressed by Burnett, where he asked his opinion as to the availability of T-Visas for worker complaints about food and housing, which he answered properly, honestly and forthright.

Paragraph 146 through 181

The allegations contained in these paragraphs do not concern Burnett, and as such do not appear to require an answer by him.  To the extent an answer is deemed necessary, same are denied for lack of information on which to justify a belief, except to deny that Burnett was an agent of Signal, beyond limited contractual obligations to perform certain legal services as an immigration attorney.

Paragraph 182

As to Burnett the allegations of this paragraph are denied, except to deny for lack of information as to whether any of these Plaintiffs have obtained a permanent resident visa.

Paragraphs 183 through 199

The allegations of these paragraphs do not appear to concern Burnett, and as such would require no answer by Burnett.  To the extent an answer is deemed necessary, same are denied for lack of information on which to justify a belief, except to deny that Burnet ever made any representations other than those authorised and directed by Signal, or that is that Plaintiffs could legally enter the United States under H-2B visas to work for Signal, that up to two

extensions would be filed, and thereafter that Signal would sponsor them for permanent residency, without any promise of being able to remain in the United States while the permanent residency petition was pending, and that Plaintiffs knowingly and voluntarily elected to enter into agreements whereby they would enter the United States to work for Signal under H-2B visas as was fully explained to them.

## Paragraph 200

The allegations of this paragraph are denied for lack of information on which to justify a belief, except to deny that under the terms of the Attorney Services Agreement and other contractual undertakings by Plaintiffs, especially considering Plaintiffs' breach of said contractual obligations, that any refunds are due Plaintiff.

## Paragraph 201

The allegations of this paragraph are denied.

## Paragraphs 202 through 229

The allegations of these paragraphs do not appear to concern Burnett, and as such would require no answer by Burnett.  To the extent an answer is deemed necessary, same are denied for lack of information on which to justify a belief, except to deny that Burnet ever made any representations other than those authorised and directed by Signal, or that is that Plaintiffs could legally enter the United States under H-2B visas to work for Signal, that up to two extensions would be filed, and thereafter that Signal would sponsor them for permanent residency, without any promise of being able to remain in the United States while the

permanent residency petition was pending, and that Plaintiffs knowingly and voluntarily elected to enter into agreements whereby they would enter the United States to work for Signal under H-2B visas as was fully explained to them.

## Paragraph 230

The allegations of this paragraph, as to Burnett, are denied for lack of information on which to justify a belief, except to deny that under the terms of the Attorney Services Agreement and other contractual undertakings by Plaintiffs, especially considering Plaintiffs' breach of said contractual obligations, that any refunds are due Plaintiff.

## Paragraph 231

The allegations of this paragraph are denied.

## Paragraphs 232 through 253

The allegations of these paragraphs do not appear to concern Burnett, and as such would require no answer by Burnett.  To the extent an answer is deemed necessary, same are denied for lack of information on which to justify a belief, except to deny that Burnet ever made any representations other than those authorised and directed by Signal, which were that Plaintiffs could legally enter the United States under H-2B visas to work for Signal, that up to two extensions would be filed, and thereafter that Signal would sponsor them for permanent residency, without any promise of being able to remain in the United States while the permanent residency petition was pending, and that Plaintiffs knowingly and voluntarily elected to enter into agreements whereby they would enter the United States to work for Signal under

-21-

H-2B visas as was fully explained to them.

## Paragraph 254

The allegations of this paragraph are denied for lack of information on which to justify a belief, except to deny that under the terms of the Attorney Services Agreement and other contractual undertakings by Plaintiffs, especially considering Plaintiffs' breach of said contractual obligations, that any refunds are due Plaintiff.

## Paragraph 255

The allegations of this paragraph are denied.

## Paragraph 256 through 271

The allegations of these paragraphs do not appear to concern Burnett, and as such would require no answer by Burnett.  To the extent an answer is deemed necessary, same are denied for lack of information on which to justify a belief, except to deny that Burnet ever made any representations other than those authorised and directed by Signal, or that is that Plaintiffs could legally enter the United States under H-2B visas to work for Signal, that up to two extensions would be filed, and thereafter that Signal would sponsor them for permanent residency, without any promise of being able to remain in the United States while the permanent residency petition was pending, and that Plaintiffs knowingly and voluntarily elected to enter into agreements whereby they would enter the United States to work for Signal under H-2B visas as was fully explained to them.

Paragraph 272

The allegations of this paragraph are denied for lack of information on which to justify a belief, except to deny that under the terms of the Attorney Services Agreement and other contractual undertakings by Plaintiffs, especially considering Plaintiffs' breach of said contractual obligations, that any refunds are due Plaintiff.

Paragraph 273

The allegations of this paragraph are denied.

Paragraphs 274 through 291

The allegations of these paragraphs do not appear to concern Burnett, and as such would require no answer by Burnett.  To the extent an answer is deemed necessary, same are denied for lack of information on which to justify a belief, except to deny that Burnet ever made any representations other than those authorised and directed by Signal, or that is that Plaintiffs could legally enter the United States under H-2B visas to work for Signal, that up to two extensions would be filed, and thereafter that Signal would sponsor them for permanent residency, without any promise of being able to remain in the United States while the permanent residency petition was pending, and that Plaintiffs knowingly and voluntarily elected to enter into agreements whereby they would enter the United States to work for Signal under H-2B visas as was fully explained to them.

Paragraph 292

The allegations of this paragraph are denied for lack of information on which to justify

a belief, except to deny that under the terms of the Attorney Services Agreement and other contractual undertakings by Plaintiffs, especially considering Plaintiffs' breach of said contractual obligations, that any refunds are due Plaintiff.

Paragraph 293

The allegations of this paragraph are denied.

Paragraphs 294 through 308

The allegations of these paragraphs do not appear to concern Burnett, and as such would require no answer by Burnett.  To the extent an answer is deemed necessary, same are denied for lack of information on which to justify a belief, except to deny that Burnet ever made any representations other than those authorised and directed by Signal, or that is that Plaintiffs could legally enter the United States under H-2B visas to work for Signal, that up to two extensions would be filed, and thereafter that Signal would sponsor them for permanent residency, without any promise of being able to remain in the United States while the permanent residency petition was pending, and that Plaintiffs knowingly and voluntarily elected to enter into agreements whereby they would enter the United States to work for Signal under H-2B visas as was fully explained to them.

Paragraph 309

The allegations of this paragraph are denied for lack of information on which to justify a belief, except to deny that under the terms of the Attorney Services Agreement and other contractual undertakings by Plaintiffs, especially considering Plaintiffs' breach of said

contractual obligations, that any refunds are due Plaintiff.

### Paragraph 310

The allegations of this paragraph are denied.

### Paragraphs 311 through 337

The allegations of these paragraphs do not appear to concern Burnett, and as such would require no answer by Burnett.  To the extent an answer is deemed necessary, same are denied for lack of information on which to justify a belief, except to deny that Burnet ever made any representations other than those authorised and directed by Signal, or that is, that Plaintiffs could legally enter the United States under H-2B visas to work for Signal, that up to two extensions would be filed, and thereafter that Signal would sponsor them for permanent residency, without any promise of being able to remain in the United States while the permanent residency petition was pending, and that Plaintiffs knowingly and voluntarily elected to enter into agreements whereby they would enter the United States to work for Signal under H-2B visas as was fully explained to them.

### Paragraph 338

The allegations of this paragraph are denied for lack of information on which to justify a belief, except to deny that under the terms of the Attorney Services Agreement and other contractual undertakings by Plaintiffs, especially considering Plaintiffs' breach of said contractual obligations, that any refunds are due Plaintiff.

Paragraph 339

The allegations of this paragraph are denied.

Paragraphs 340 through 348

The allegations of these paragraphs do not appear to concern Burnett, and as such would require no answer by Burnett.  To the extent an answer is deemed necessary, same are denied for lack of information on which to justify a belief, except to deny that Burnet ever made any representations other than those authorised and directed by Signal, or that is that Plaintiffs could legally enter the United States under H-2B visas to work for Signal, that up to two extensions would be filed, and thereafter that Signal would sponsor them for permanent residency, without any promise of being able to remain in the United States while the permanent residency petition was pending, and that Plaintiffs knowingly and voluntarily elected to enter into agreements whereby they would enter the United States to work for Signal under H-2B visas as was fully explained to them.

Paragraph 349

The allegations of this paragraph are denied for lack of information on which to justify a belief, except to deny that under the terms of the Attorney Services Agreement and other contractual undertakings by Plaintiffs, especially considering Plaintiffs' breach of said contractual obligations, that any refunds are due Plaintiff.

Paragraph 350

The allegations of this paragraph are denied.

Paragraphs 351 through 361

The allegations of these paragraphs do not appear to concern Burnett, and as such would require no answer by Burnett.  To the extent an answer is deemed necessary, same are denied for lack of information on which to justify a belief, except to deny that Burnet ever made any representations other than those authorised and directed by Signal, or that is that Plaintiffs could legally enter the United States under H-2B visas to work for Signal, that up to two extensions would be filed, and thereafter that Signal would sponsor them for permanent residency, without any promise of being able to remain in the United States while the permanent residency petition was pending, and that Plaintiffs knowingly and voluntarily elected to enter into agreements whereby they would enter the United States to work for Signal under H-2B visas as was fully explained to them.

Paragraph 362

The allegations of this paragraph are denied for lack of information on which to justify a belief, except to deny that under the terms of the Attorney Services Agreement and other contractual undertakings by Plaintiffs, especially considering Plaintiffs' breach of said contractual obligations, that any refunds are due Plaintiff.

Paragraph 363

The allegations of this paragraph are denied.

Paragraphs 364 through 379

The factual allegations set forth as to Burnett in these paragraphs are denied. To the

extent the allegations in these paragraphs set forth legal conclusions, they require no response from the Burnett Defendants, however, should an answer be deemed necessary to these legal conclusions, same are denied as incorrect, incomplete, and misinterpreted conclusions of law, and further deny same are applicable to any of the facts of this matter.

Paragraphs 380 through 392

The allegations of these paragraphs do not refer to or concern Burnett.  As such, no response is required to these paragraphs, but to the extent an answer is deemed necessary, same are  denied for lack of information on which to justify a belief.  To the extent the allegations in these paragraphs set forth legal conclusions, they require no response from the Burnett Defendants, however, should an answer be deemed necessary to these legal conclusions, same are denied as incorrect, incomplete, and misinterpreted conclusions of law, and further deny same are applicable to any of the facts of this matter.

Paragraphs 393 through 399

The factual allegations as to Burnett in these paragraphs are denied.  To the extent the allegations in this paragraph sets forth legal conclusions, they require no response from the Burnett Defendants.  However, should an answer be deemed necessary to these legal conclusions, same are denied as incorrect, incomplete, and misinterpreted conclusions of law, and further deny same are applicable to any of the facts of this matter.

Paragraphs 400 through 412

The factual allegations as to Burnett in these paragraphs are denied.  To the extent the

-28-

allegations in this paragraph sets forth legal conclusions, they require no response from the Burnett Defendants.   However, should an answer be deemed necessary to these legal conclusions, same are denied as incorrect, incomplete, and misinterpreted conclusions of law, and further deny same are applicable to any of the facts of this matter.

Paragraph 413

The allegations of this paragraph are legal conclusions to which no answer by Burnett is required.  However, to the extent an answer is deemed necessary to these legal conclusions, same are denied as incorrect, incomplete, and misinterpreted conclusions of law, and further deny same are applicable to any of the facts of this matter.

Paragraphs 414 through 423

The factual allegations as to Burnett in these paragraphs are denied.  To the extent the allegations in this paragraph sets forth legal conclusions, they require no response from the Burnett Defendants.   However, should an answer be deemed necessary to these legal conclusions, same are denied as incorrect, incomplete, and misinterpreted conclusions of law, and further deny same are applicable to any of the facts of this matter.

Paragraph 424

The allegations of this paragraph are legal conclusions to which no answer by Burnett is required.  However, to the extent an answer is deemed necessary to these legal conclusions, same are denied as incorrect, incomplete, and misinterpreted conclusions of law, and further deny same are applicable to any of the facts of this matter

-29-

Prayer For Relief

Plaintiffs Prayer for Relief are conclusions of law, and most concern Defendants other than Burnett, neither of  which require an answer by Burnett.  Any factual allegations as to Burnett are denied,.  All legal conclusions as to Burnett are denied.  Burnett denies that any Plaintiff is any entitled to relief from Burnett in this matter, and further denies that Burnett would be liable jointly and severally with any other Defendant under any circumstance.

Burnett prays for a trial by jury on all issues

Respectfully submitted,

s/ Timothy W.  Cerniglia
Timothy W.  Cerniglia (TX Bar# 00789930)
1521 St. Charles Avenue
New Orleans, Louisiana 70130
Office: 504-586-0555
Facsimile: 504-586-0550

Attorneys for Malvern C. Burnett,
The Law Offices of Malvern C. Burnett, A.P.C. , and the Gulf Coast Immigration Law Center, L.L.C.

CERTIFICATE OF SERVICE

This is to certify that a copy of this motion has been served electronically on Plaintiffs and the Signal Defendants with the Clerk of Court using the CM/ECF system this 6th day of November, 2014.

s/ Timothy W. Cerniglia

-30-