IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| SATHEESH KANNAN MARIMUTHU, et al., | ) | |
| | ) | Civ. No. 1:13-cv-00499-MAC-ZJH |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | PLAINTIFFS' SUR-REPLY |
| SIGNAL INTERNATIONAL LLC, et al. | ) | MEMORANDUM OPPOSING |
| | ) | SIGNAL'S UNTIMELY |
| Defendants. | ) | MOTION TO EXTEND |
| | ) | DISCOVERY AND |
| | | MOTION DEADLINES |

**INTRODUCTION**

Signal disregarded the Scheduling Order by failing to conduct any discovery in the 361 day discovery period. Signal then ignored the Court's Standing Order for discovery-related motions by filing a motion nearly three weeks after the deadline. Signal now submits an untimely reply in support of its untimely motion to seek untimely discovery. These actions demonstrate Signal's continued lack of diligence and lack of respect for the Court's deadlines. Any alleged prejudice to Signal is a product of its own making. And Signal, rather than Plaintiffs or the Court, should bear the consequences associated with its dilatory conduct. Plaintiffs respectfully request Signal's motion be denied.

**I.  SIGNAL'S REPLY IS UNTIMELY.**

Signal filed a motion to extend discovery deadlines on December 17, 2014. *See* Dock. #88. Plaintiffs filed a brief opposing the motion on December 31. *See* Dock. #89. Pursuant to the Local Rules, Signal's reply brief was due on January 12, 2015. *See* E.D. Tex. Civ. R. CV-7(f) (mandating reply briefs be filed within 7 days after service of a

response brief); E.D. Tex. Civ. R. CV-6 (providing three additional days). Consistent with its actions to date, Signal ignored the deadline and filed a reply brief on January 16. *See* Dock. #101. Because the brief is untimely, it should be stricken.

## II.     ONLY SIGNAL IS AT FAULT FOR ITS LACK OF DILIGENCE.

Astonishingly, Signal blames Plaintiffs for its failure to conduct discovery. (Reply Br., 4-5.) Signal argues that Plaintiffs' pursuit of claims that Signal considers meritless somehow contributed to Signal's failure to conduct discovery. *Id.* Signal fails to explain how the existence of these claims rendered Signal unable to schedule depositions or draft interrogatories and document requests. If Signal believes some claims lack merit, it could have moved for summary judgment. It did not do so. Signal's argument simply highlights the lack of any meaningful justification for its dilatory conduct.

## III.    THE MULTI-DISTRICT LITIGATION ORDER DOES NOT SUPPORT SIGNAL'S UNTIMELY MOTION.

Signal continues to claim diligence without providing any examples of how it diligently attempted to conduct discovery in this case. It is uncontested that Signal never served written discovery or requested deposition dates. Signal's lack of diligence is reason enough to deny the motion. *See STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F. Supp. 2d 845, 851 (E.D. Tex. 2004).

To paper over these facts, Signal argues that all the related cases should be viewed together and that Signal should get credit for its discovery efforts in other cases. Perplexingly, as support, Signal cites to the Panel on Multidistrict Litigation's Order that denied its motion for consolidation. (Reply Brief, pp. 2-4.) The Order, however, conflicts

with Signal's argument.  The Panel denied Signal's motion to consolidate specifically because each trafficking case is distinct and because the "individualized facts [in each case] very well may predominate over the common factual issues." *In re Signal Int'l LLC Human Trafficking Litig.*, 2014 U.S. Dist. LEXIS 113204, *2 (J.P.M.L. Aug. 12, 2014). Moreover, the Court found that all of the "common factual discovery" between the cases should have been completed by August 2014.  *Id.* at *3.  Finally, the Panel found that consolidation would unjustly postpone trial.  *Id.* at *4.

Signal has failed to make any effort to discover Plaintiffs' individualized facts. Signal's discovery efforts in other cases have no bearing on whether it complied with its obligations in this dispute.  Signal's motion should be denied.

### IV. PLAINTIFFS WILL BE PREJUDICED IF THE COURT EXTENDS THE DEADLINES.

Signal asks the Court to extend the discovery deadline until February 15.  (Reply Brief, p. 5). Signal argues this limited extension would provide enough time to conduct the discovery it wants, while also being short enough not to prejudice Plaintiffs.  Signal's claims lack merit.

If the Court grants the motion today, Signal would have 14 business days to conduct discovery, a feat it could not accomplish in the previous year.  It is not possible to take 30 days of depositions in 14 days.[1]  In fact, it took Signal nearly a year to depose

---

[1] Signal claims it needs three days for each Plaintiff.  (Moving Brief, p. 4.) With 10 Plaintiffs in this case, it would take 30 days to complete depositions.

24 plaintiffs in related cases.[2] (Dock. #88-2, outlining depositions from January through December 2014, a period during which Signal repeatedly claims it was extremely diligent). Any interrogatories and document requests would be also untimely, even if they were served immediately after a discovery order was issued. *See* Fed. R. Civ. P. 33(b)(2); 34(b)(2)(A) (providing 30 days to respond to written discovery). Accordingly, extending the deadline as requested would have no value to Signal.

Conversely, granting Signal's motion would be extremely prejudicial to Plaintiffs. While the Court originally provided a year for discovery, each Plaintiff would now be required to devote three of the next fourteen business days to be available for depositions. Plaintiffs should not be forced to scramble to rearrange their work and personal schedules simply because it is now convenient for Signal to take discovery.

---

[2]   Signal also fails to inform the Court that since filing the instant motion, Signal has requested extended discovery deadlines in four other cases. *Chakkiyattil vs. Signal Int'l, LLC*, Case No. 2:13-cv-6219 (E.D. La.); *Krishnakutty, v. Signal Int'l LLC,* Case No. 2:13-cv-6220 (E.D. La.); *Singh v. Signal Int'l LLC,* Case No. 2:14-cv-732 (E.D. La.); and *Devassy v. Signal Int'l LLC,* Case No. 2:13-cv-6221 (E.D. La.). There are 27 plaintiffs in these cases, which would require Signal to take 71 days of depositions by August. During this same period, Signal would be tasked with taking 63 days of depositions in *Kambala v. Signal Int'l, LLC*, Case No. 1:13-cv-00498 (E.D. Tex.) (21 plaintiffs); and 12 days of depositions by February 15th in *Meganathan v. Signal Int'l, LLC.*, Case Number 1:13-cv-00497 (E.D. Tex.) (4 plaintiffs). Signal will also be in trial in the *David, Joseph, EEOC and Achari* cases during the proposed discovery period and before trial begins in this case. *David v. Signal Int'l, LLC*, Case No. 2:08-cv-01220 (E.D. La.) (entering third week of trial); *Joseph v. Signal Int'l, LLC,* Case No. 1:13-cv-00324 (E.D. Tex.) (trial starts April 13, 2015); *EEOC v. Signal Int'l, LLC,* Case No. 2:12-cv-00557 (E.D. La.) (June 1, 2015 trial date); and *Achari v. Signal Int'l, LLC,* Case No. 2:13-6218 (E.D. La.) (July 6, 2015 trial date). Accordingly, even if the Court extended the discovery deadline 60 days from the date of a hypothetical Order (rather than just until February 15th as requested), Signal would be incapable of conducting the discovery it requests in this case.

Likewise, the parties have already exchanged expert reports and filed numerous motions *in limine*. Thus, Signal would have the benefit of receiving and reading Plaintiffs' expert reports and motions prior to conducting any plaintiff depositions. Signal should not be allowed to conduct depositions and discovery with a road map of Plaintiffs' case and strategy. This is especially true when Signal is also asking for additional time after the extended discovery deadline to file additional motions. Plaintiffs did not have the same advantage when they deposed Signal's witnesses or when they filed their timely motions.

In light of the prejudice and scheduling issues it would cause, Signal's motion should be denied.

## CONCLUSION

Signal believes it can set its own deadlines simply because it is involved in several complex lawsuits. Signal's position is inconsistent with the Rules of Civil Procedure and demonstrates a lack of respect for the Court and Plaintiffs. Plaintiffs request Signal's motion be denied.

Date: January 26, 2015

By: /s/ Michael D. Findlay

Michael D. Findlay
State Bar No. 24077855
Eric H. Findlay
State Bar No. 00789886
**FINDLAY CRAFT, P.C.**
102 N. College Ave., Suite 900
Tyler, TX 75702
Telephone: (903) 534-1100 (Office)
Fax: (903) 534-1137
mfindlay@findlaycraft.com
efindlay@findlaycraft.com

*Admitted Pro Hac Vice:*
James E. Dorsey (MN#137893)
Sten-Erik Hoidal (MN #35241X)
Timothy M. O'Shea (MN #386437)
Lousene Hoppe (MN #387171)
Andrew Johnson (MN #390783)
**FREDRIKSON & BYRON P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402
Telephone: (612) 492-7000
Fax: (612) 492-7077
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2015, I electronically filed the foregoing **PLAINTIFFS' SUR-REPLY MEMORANDUM OPPOSING SIGNAL'S UNTIMELY MOTION TO EXTEND DISCOVERY AND MOTION DEADLINES** with the Clerk of the Court using the CM/ECF system which will send notification of such filing *via* electronic mail to all counsel of record.

/s/ *Michael D. Findlay*
Michael D. Findlay