# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| REJI SAMUEL, *et al.* § § | | |
| Plaintiffs. § § | Case No. 1:13-cv-00323 | |
| v. § § | | |
| SIGNAL INTERNATIONAL LLC, *et al.* § § | | |
| Defendants. § | | |
| RAJU MEGANATHAN, *et al.* § § | | |
| Plaintiffs. § § | Case No. 1:13-cv-00497 | |
| v. § § | | |
| SIGNAL INTERNATIONAL LLC, *et al.* § § | | |
| Defendants. § | | |
| SATHEESH KANNAN MARIMUTHU, *et al.* § § | | |
| Plaintiffs. § § | Case No. 1:13-cv-00499 | |
| v. § § | | |
| SIGNAL INTERNATIONAL LLC, *et al.* § § | | |
| Defendants. § | | |

**UNOPPOSED MOTION TO AMEND SCHEDULING ORDER**

Plaintiffs in the above-captioned actions ("Plaintiffs") respectfully request that the Court amend the Scheduling Orders in all three cases to extend the remaining deadlines, including the pretrial filing and docket call deadlines, by period of 60 days. Plaintiffs have discussed the Motion with each of the Defendants in the above-captioned cases and Defendants do not oppose the requested amendment.

In support of this Motion, Plaintiffs rely on the attached Declaration of William E. Dorris ("Dorris Decl.") (attached as Exhibit A), Declaration of Daniel Werner ("Werner Decl.")

(attached as Exhibit B), Declaration of Sten-Erik Hoidal ("Hoidal Decl.") (attached as Exhibit C), and Declaration of Timothy H. Birnbaum ("Birnbaum Decl.") (attached as Exhibit D) and state as follows:

1. Pursuant to the applicable scheduling orders, final pretrial conferences and docket calls are scheduled for August 7, 2015, in all three of the above-captioned cases.  (*Samuel* Doc. No. 219; *Meganathan* Doc. No. 30; *Marimuthu* Doc. No. 35.)  Similarly, Pretrial Orders are due on July 17, 2015, in each of the cases. *Id.*

2. Counsel for Plaintiffs, together with counsel for plaintiffs in each of the civil actions currently pending against Signal in the United States District Courts for the Eastern District of Louisiana and the Eastern District of Texas, have reached a settlement in principle with Signal and its counsel concerning claims arising from Signal's employment of Indian H-2B workers. (*See* Dorris Decl. ¶¶ 3-4; Birnbaum Decl. ¶¶ 3-4; Hoidal Decl. ¶¶ 3-4; Werner Decl. ¶ 4.) Counsel for plaintiffs in each of the civil actions against Signal are currently in the process of trying to obtain consents to the settlement from their clients.  In addition, due to the settlement in principle, the plaintiffs in *David v. Signal* have agreed to temporarily forbear on executing on the judgment received in that action. (*See* Werner Decl. ¶ 5.)

4. As a result of Signal's financial condition, its restructuring counsel has represented that Signal intends to file for bankruptcy protection, possibly as early as July 6. (*See* Dorris Decl. ¶ 4; Birnbaum Decl. ¶ 4; Hoidal Decl. ¶ 4). Accordingly, time is of the essence for Plaintiffs and Signal to finalize their settlement agreement and it is imperative for the parties' to dedicate time and attention to finalizing the settlement agreement.  A continuance of the pretrial filing and docket call dates will provide Plaintiffs and Signal additional flexibility to finalize a global settlement.  Ultimately, the final settlement will need to be approved by the bankruptcy

court. Pursuant to the settlement in principle, the parties anticipate that a fund will be designated from the bankruptcy to allocate payment to each of the plaintiffs. (*See* Dorris Decl. ¶ 4; Birnbaum Decl. ¶ 4; Hoidal Decl. ¶ 4).

5. Once Signal files for bankruptcy protection, counsel for the remaining parties in the above-captioned cases—including Defendants Dewan and Burnett who have claims between them and Signal—will be required to focus their time and resources on the bankruptcy proceeding to ensure that their clients' interests are adequately protected. Signal has advised that it will request that any bankruptcy case be handled on an expedited basis. As a result, it will be impracticable for the remaining parties to simultaneously participate in the bankruptcy proceeding while also preparing for and participating in trials in the above-captioned cases. Further, the outcome of the bankruptcy and possible approval of a settlement with Plaintiffs will drastically alter the landscape of the above-captioned cases, potentially impacting everything from what claims remain and are pursued, what relief is sought from the non-Signal defendants, and perhaps even the remaining parties' settlement positions and whether a trial is required at all.[1] Accordingly, extending the pretrial filing and docket call deadlines would save an immense amount of time, effort, and resources for Plaintiffs, the non-Signal Defendants, and the Court.

6. Further, an extension of the pretrial filing and docket call deadlines would permit Plaintiffs and the non-Signal defendants additional time to engage in settlement negotiations. Counsel for plaintiffs in each of the civil actions currently pending against Signal in the United States District Courts for the Eastern District of Louisiana and the Eastern District of Texas, have engaged in settlement negotiations with counsel for Sachin Dewan, Malvern Burnett, Dewan

---

[1] In the unlikely event that a global resolution is not achieved or approved by the bankruptcy court, plaintiffs in the related civil actions would pursue legal remedies against Signal in the bankruptcy. (*See* Werner Decl. ¶ 5.)

3

Consultants Pvt. Ltd., Gulf Coast Immigration Law Center, L.L.C., and the Law Offices of Malvern Burnett. (*See* Dorris Decl. ¶¶ 5-6; Birnbaum Decl. ¶¶ 5-6; Hoidal Decl. ¶¶ 5-6.) These settlement discussions are ongoing and counsel for Plaintiffs are hopeful that the continued discussions will lead to a global resolution of the claims against the non-Signal defendants. (*See* Dorris Decl. ¶ 6; Birnbaum Decl. ¶ 6; Hoidal Decl. ¶ 6.)

8. This Motion is made in the interests of justice and not for any undue delay or any other improper purpose. Granting this Motion will promote the mandate of Federal Rule of Civil Procedure 1, which requires the "just, speedy, and inexpensive determination of every action and proceeding." A continuance will prevent the parties and their counsel from having to expend a significant amount of time and resources drafting pretrial filings and preparing for trial, when it is almost certain that one of the parties will be filing bankruptcy. Likewise, judicial resources will be conserved because the Court will not be forced to review numerous pages of pretrial filings in a case that will almost certainly be obviated in the near future. Finally, a continuance will maximize the amount of money available to Plaintiffs, including those individuals who have already proven that they were trafficked, by preventing Signal from incurring any attorney's fees in preparing for trial in this matter and thereby reducing the funds that would otherwise be available to Signal's creditors in a bankruptcy proceeding.

9. Counsel for the Defendants in the above-captioned cases do not oppose the continuance sought by this Motion. In fact, Defendants are currently scheduled to be in trial in *Achari v. Signal* (Case No. 13-6218; E.D. La.) leading up to the three trials scheduled for the above-captioned cases. It will be difficult for Defendants to prepare their required pretrial orders, due July 17th, or make their objections to Plaintiffs' pretrial submissions, while defending themselves in an extended trial. Indeed, judging from the length of the trial in *David*

*v. Signal*, which lasted four weeks, Defendants may still be engaged in the *Achari* trial when they are required to appear for the final pretrial conference and docket calls in the above-captioned cases.

      10.    Plaintiffs have established good cause sufficient for the Court to modify the applicable Scheduling Orders via a continuance. *See STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F. Supp. 2d 845, 850-52 (E.D. Tex. 2004) (establishing a four part test). First, Plaintiffs' request for a continuance is not due to a lack of diligence. Indeed, Signal's impending bankruptcy is wholly outside Plaintiffs' control. Second, the requested continuance could not be more important to Plaintiffs. The requested continuance will likely provide the parties with enough time to finalize a global settlement and preserve Signal's resources for distribution to Plaintiffs, including those who have already proven they were trafficked from India, rather than Signal's trial counsel. Third, Defendants would not be prejudiced by a continuance. In fact, Defendants do not oppose Plaintiffs' request. Finally, because a continuance is the relief sought, the last prong of the good cause test (availability of a continuance to cure any prejudice to the party opposing a schedule modification) does not apply.

    For these reasons, the parties respectfully request that the Court amend the docket control order in *Samuel v. Signal*, *Meganathan v. Signal*, and *Marimuthu v. Signal* to extend the remaining deadlines, including the pretrial and docket call deadlines, by 60 days. In conjunction with the requested continuance, Plaintiffs also respectfully request the Court set separate trial dates for each of the three cases. Such an Order will be beneficial for all parties—knowing the order of the trials will allow both Plaintiffs and Defendants to efficiently prepare for trial in the event it is necessary to do so. Specific trial dates will also provide Plaintiffs with additional time

to reschedule personal obligations, if necessary to meet the Court's and Defendants' trial availability.

Respectfully submitted,

Date: July 1, 2015

*/s/ William E. Dorris*
William E. Dorris
Georgia Bar No. 225987
Brian G. Corgan (*pro hac vice*)
Georgia Bar No. 187700
Susan W. Pangborn (*pro hac vice*)
Georgia Bar No. 735027
**KILPATRICK TOWNSEND & STOCKTON, LLP**
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4528
Telephone: (404) 815-6500
Fax: (404)-815-6555
**Attorneys for Samuel Plaintiffs**

Date: July 1, 2015

*/s/ Timothy H. Birnbaum*
Timothy H. Birnbaum (*pro hac vice*)
New York Bar No. 4681276
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, NY 10020-1104
Tel. 212.335.4500
Fax. 212.335.4501
**Attorneys for Meganathan Plaintiffs**

| | |
|---|---|
| Date: July 1, 2015 | /s/ Walter W. Lackey, Jr.<br>Eric H. Findlay<br>State Bar No. 00789886<br>Walter W. Lackey, Jr.<br>State Bar No. 24050901<br>**FINDLAY CRAFT, P.C.**<br>102 N. College Ave., Suite 900<br>Tyler, TX 75702<br>Telephone: (903) 534-1100 (Office)<br>Fax:  (903) 534-1137<br><br>*Admitted Pro Hac Vice:*<br>James E. Dorsey (MN#137893)<br>Sten-Erik Hoidal (MN #35241X)<br>Timothy M. O'Shea (MN #386437)<br>Lousene Hoppe (MN #387171)<br>Andrew Johnson (MN #390783)<br>**FREDRIKSON & BYRON P.A.**<br>200 South Sixth Street, Suite 4000<br>Minneapolis, MN  55402<br>Telephone:  (612) 492-7000<br>Fax:  (612) 492-7077<br><br>**Attorneys for Marimuthu Plaintiffs** |

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2015, I have served a copy of the foregoing on counsel to all parties of this proceeding, by mailing the same by United States mail, properly addressed and first-class, postage pre-paid or by transmitting same by facsimile or email.

/s/ Walter W. Lackey, Jr.
Walter W. Lackey, Jr.