IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| SATHEESH KANNAN MARIMUTHU, BALAMURUGAN MARIMUTHU, MURUGANANDAM ARUMUGAM, MURALIDHARAN ARUMUGAM, SATYANARAYANA ELLAPU, MOORTHY NADHAMUNI, RAJENDRAN SAPPANI, RAJENDRAN SUBRAMANI, VENKATA SATYA SIVAGI RAO TALABATHULLA, and SAMMANASUNATHAN SILUVAIMUTHU,<br><br>          Plaintiffs,<br>  v.<br><br>SIGNAL INTERNATIONAL LLC, SIGNAL INTERNATIONAL, INC., SIGNAL INTERNATIONAL TEXAS, G.P., SIGNAL INTERNATIONAL TEXAS, L.P., MALVERN C. BURNETT, GULF COAST IMMIGRATION LAW CENTER, L.L.C., SACHIN DEWAN, and DEWAN CONSULTANTS PVT. LTD. (a/k/a MEDTECH CONSULTANTS),<br><br>          Defendants. | Civ. No. 1:13-cv-00499-MAC-ZJH |

**PLAINTIFFS' NOTICE UPDATING THE COURT ON STATUS OF THE SIGNAL
BANKRUPTCY PROCEEDING AS OF JULY 3, 2019**

The Plaintiffs in the above-referenced action (the "Plaintiffs") submit this Notice Updating the Court on Status of the Signal Bankruptcy Proceeding as of July 3, 2019.

As noted in Plaintiffs' prior notices, the Signal Entities filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code on July 12, 2015. *In re Signal Int'l, Inc, et al.*, No. 15-11498 (Bankr. D. Del. July 12, 2015) in the United States Bankruptcy Court for the

District of Delaware (the "Bankruptcy Court").[1]  On November 24, 2015, the Bankruptcy Court entered its Findings of Fact, Conclusions of Law and Order Confirming Debtors' First Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code [ECF No. 555] (the "Confirmation Order"), confirming the Signal Entities' plan of liquidation, which implemented the plan support agreement among the Plaintiffs, the Signal Entities and certain other parties, for the settlement of, *inter alia*, the Plaintiffs' claims against the relevant Signal Entities.  Pursuant to the Plan, a litigation trust (the "Signal Litigation Trust") has been created for the distribution of the settlement proceeds.  That process remains ongoing, as the Signal Litigation Trust distributed Trust Claim Forms in February 2015 and the Plaintiffs received 60 days from the distribution date to submit their claim forms, which deadline was subsequently extended through June 15, 2016.[2]

---

[1]   The other entities are: *Signal Ship Repair, LLC* (Case No. 15-11499), *Signal Int'l, LLC* (Case No. 15-11500), *Signal Int'l Texas GP, LLC* (Case No. 15-11501), and *Signal Int'l Texas, L.P.* (Case No. 15-11502).  By the Bankruptcy Court's order, all five cases are being jointly administered with the *Signal Int'l, Inc.* case.  *In re Signal Int'l, Inc.*, No. 15-11498 (Bankr. D. Del. July 14, 2015), ECF No. 55.

[2]   With respect to the claims against the Burnett Defendants, nine of the ten Plaintiffs have reached a settlement with the Burnett Defendants.  The Burnett Defendants have satisfied their obligations under the settlement agreement and the nine participating Plaintiffs expect to dismiss their claims against the Burnett Defendants in the near future.

The lone Plaintiff that is not participating in the settlement with the Burnett Defendants is Venkata Satya Sivagi Rao Talabathulla.  Plaintiffs' counsel has been unable to locate Plaintiff Venkata Satya Sivagi Rao Talabathulla to obtain his consent to settle.  In the related cases against Signal International, LLC, consolidated in the Eastern District of Louisiana under case number 2:14-cv-02911-SM-DEK, *Samuel et al. v. Signal International, LLC et al.*, Judge Morgan entered an order on August 5, 2016, requiring Plaintiff Venkata Satya Sivagi Rao Talabathulla to communicate with counsel within sixty days of the order.  Plaintiff Venkata Satya Sivagi Rao Talabathulla did not communicate with counsel and Judge Morgan entered a judgment on December 29, 2016, dismissing with prejudice all pending claims he had against the Dewan Defendants.  Plaintiffs' counsel intends to file a motion to withdraw as counsel for Plaintiff Venkata Satya Sivagi Rao Talabathulla.

Counsel for the Plaintiffs has recently been informed by the Trustee that the party whose payments on a certain not were to fund the Trust, is in default, and that the Trustee intended to ask the bankruptcy court for permission to liquidate the note in a sale to one of three bidders. The Trustee has informed counsel that this proposed liquidation will likely result in payouts somewhat lower than originally anticipated, but to be made at an earlier date than if the note had been paid over its full term. On October 30, 2018, the Trustee filed its Rule 9019 Motion for Approval of a Compromise and Settlement with the Bankruptcy Court, seeking the entry of an order approving the compromise proposal. Objections, if any, to the compromise proposal were due by November 29, 2018, under an extension from the Court [Bankr. Docket No. 870]. A Certificate was filed by the Litigation Settlement Trustee certifying there were no objections to the Motion [Bankr. Docket No. 872]. Accordingly, a hearing was held in the Bankruptcy Court on December 4, 2018, and there being no objections to the motion, the Court entered its Order granting the motion for approval of the Compromise and Settlement [Bankr. Docket No. 873].

The Plan became effective on December 14, 2015. As of that date, pursuant to the Confirmation Order, "any suit, legal action, or other proceeding … in any forum in the United States that is released, stayed, or enjoined pursuant to Article XI of the Plan against or affecting any Released Party [the Signal Entities], shall be stayed, enjoined or otherwise prohibited from continuation as to any Released Party."  (Confirmation Order at 25.)

On February 5, 2019, the Signal bankruptcy proceeding was closed in accordance with the confirmed plan [Bankr. Docket No. 883]. Part of that confirmed plan is for the Signal Litigation Trust to distribute proceeds to the Plaintiffs in this action, and others similarly situated. Those proceeds have not yet been distributed. Because of the termination of the bankruptcy case, the automatic stay is no longer in effect. Counsel for the Plaintiffs will review the relevant settlement

agreements and court orders and determine if the appropriate course in this action at this time is dismissal, or some other procedural step seeking to preserve the jurisdiction of the Court until the settlement proceeds are distributed.

With respect to the claims against Malvern C. Burnett, Gulf Coast Immigration Law Center, L.L.C., and Law Offices of Malvern C. Burnett, A.P.C. (together, the "Burnett Defendants"), the Plaintiffs have reached a settlement with the Burnett Defendants. The Burnett Defendants have satisfied their obligations under the agreement and, after coordinating with the plaintiffs in the related actions, the Plaintiffs will be dismissing their claims against the Burnett Defendants in the near future.

With respect to the claims against Sachin Dewan and Dewan Consultants Pvt. Ltd. (a/k/a Medtech Consultants) (together, the "Dewan Defendants"), the Plaintiffs have reached a settlement with the Dewan Defendants. The Plaintiffs have been informed that the Dewan Defendants have satisfied their obligations under the agreement, and after coordinating with plaintiffs in related actions, the Plaintiffs expect to dismiss the claims against the Dewan Defendants in the near future.

In light of the delay in distribution from the Signal Litigation Trust and the coordination needed to dismiss the claims against the Burnett Defendants and Dewan Defendants, the Plaintiffs respectfully request that the stay remain in effect for a further 120 days. The Plaintiffs will file a further status update in 120 days.

Date: July 3, 2019

By: __/s/Eric H. Findlay___
Eric H. Findlay
State Bar. No. 00789886
Walter W. Lackey, Jr.
State Bar No. 24050901
**FINDLAY CRAFT, P.C.**
102 N. College Ave., Suite 900
Tyler, TX 75702

        Telephone: (903) 534-1100
        Fax:  (903) 534-1137
        efindlay@findlaycraft.com
        wlackey@findlaycraft.com

*Admitted Pro Hac Vice:*
James E. Dorsey (MN#137893)
Sten-Erik Hoidal (MN #35241X)
Timothy M. O'Shea (MN #386437)
Lousene M. Hoppe (MN #387171)
Andrew Johnson (MN #390783)
**FREDRIKSON & BYRON P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402
Telephone:  (612) 492-7000
Fax:  (612) 492-7077

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record was served with the foregoing document via electronic mail by the Court's CM/ECF filing system on July 3, 2019.

I FURTHER CERTIFY that U.S. Mail sent to the address of record for Global Resources, Inc. has been returned undeliverable, therefore I am unable to serve a copy of these pleadings on Global Resources, Inc.  The last known address of Global Resources, Inc. is:

    Global Resources, Inc.
    c/o Michael Pol
    13 Herring Road
    Beaumont, MS 39423-2055

        */s/Eric H. Findlay*
        Eric H. Findlay